IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ZU PING CHEN,                              )
                                           )
    Petitioner,                           )
                                           )
v.                                         )    CASE NO. 2:26-cv-125-ECM
                                           )
CHRISTOPHER BULLOCK, *Field Office*        )
*Director, New Orleans Field Office, et al.*,  )
                                           )
    Respondents.                          )

**O R D E R**

On February 24, 2026, Petitioner Zu Ping Chen ("Petitioner" or "Chen") filed a verified petition for writ of habeas corpus and complaint for declaratory and injunctive relief, arising out of the revocation of a long-standing Order of Suspension ("OSUP") by Immigration and Customs Enforcement ("ICE"). (Doc. 1). He brings this action against Christopher Bullock, Field Director of the New Orleans Field Office; Todd Lyons, in his official capacity as Acting Director of ICE; Kristi Noem, Secretary of Homeland Security; and Pamela Bondi, United States Attorney General (collectively, "Respondents"). Previously, Chen filed in this Court a habeas action arising out of his concerns that his OSUP would be revoked at an upcoming ICE check-in; that case remains pending. (*See generally Chen v. Harper et al.*, 3:25-cv-970-BL (M.D. Ala.) ("*Chen I*")).

In the instant petition's prayer for relief, Chen requests that the Court issue an immediate temporary restraining order ("TRO") and preliminary injunction "[o]rder[ing] Respondents to immediately release Petitioner from custody and reinstate his [OSUP]";

"[e]njoin[ing] Respondents . . . from revoking or altering the conditions of Petitioner's OSUP in the future absent strict compliance with all governing statutes and regulations"; and "[e]njoining Respondents from transferring Petitioner outside of this judicial district during the pendency of this action or, in the alternative, requires Respondents to provide counsel with no less than 72 hours' advance written notice prior to any out-of-district transfer or removal from the United States." (Doc. 1 at 49–50, para. 3).

A temporary restraining order may issue only where the moving party demonstrates (1) that there is a substantial likelihood of success on the merits, (2) that the temporary restraining order is necessary to prevent irreparable injury, (3) that the threatened injury outweighs the harm the temporary restraining order would cause to the nonmoving parties, and (4) that the temporary restraining order would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001) (per curiam). Additionally, pursuant to Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may issue without notice to the nonmoving parties only if (1) specific facts in an affidavit or verified complaint show that the moving party will suffer immediate and irreparable injury before the nonmoving parties can be heard, and (2) the moving party certifies in writing the efforts he has made to notify the nonmoving parties and the reasons notice should not be required. FED. R. CIV. P. 65(b)(1).

After careful review, the Court finds that Chen has not established entitlement to a TRO because he failed to comply with Rule 65(b)(1)'s certification requirement. Consequently, to the extent Chen seeks a TRO, his motion is due to be denied.

Accordingly, it is

ORDERED that Chen's motion for temporary restraining order is DENIED.   It is further

ORDERED that a status conference is SET for **TODAY, February 25, 2026 at 3:45 p.m. CT** by telephone conference call.  Chen's counsel shall be prepared to discuss why she filed this separate habeas action instead of requesting a TRO and, if appropriate, filing an amended habeas petition in the case currently pending in this Court, *Chen I*. Further, counsel shall be prepared to discuss scheduling and logistics concerning Chen's request for a preliminary injunction, and all other aspects of the case.  Counsel are DIRECTED to contact Cindy Sanders, the undersigned's courtroom deputy, for the telephone number and access code to participate in the telephone conference.

The Clerk of the Court is DIRECTED to provide a court reporter for this proceeding.

The Clerk of the Court is FURTHER DIRECTED to email a copy of this Order to Attorney Stephen D. Wadsworth at the United States Attorney's Office at stephen.wadsworth@usdoj.gov.   Attorney Wadsworth or another attorney for the Respondents shall attend today's status conference to the extent practicable.

Chen's counsel is DIRECTED to IMMEDIATELY email the petition and attachments in this case (doc. 1) to Attorney Wadsworth.

DONE this 25th day of February, 2026.

/s/ Emily C. Marks

EMILY C. MARKS
UNITED STATES DISTRICT JUDGE